United States District Court
District of Connecticut
FILED AT NEW HAVEN

August 2, 20 23

By S. Santos
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **In Re: Grand Jury Subpoenas** | Case No. 3:23-mj-00681 (MEG) |
| | August 2, 2023 |

### APPLICATION FOR ORDER COMMANDING META PLATFORMS, INC., NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF <u>GRAND JURY SUBPOENAS</u>

The United States requests that the Court order Meta Platforms, Inc. ("Meta") not to notify any person (including the subscribers and customers of the account(s) listed in the grand jury subpoenas) of the existence of grand jury subpoenas N-22-1-1 (27) and N-22-1-1 (28), for one year, until August 2, 2024.

Meta is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the grand jury subpoenas, which require Meta to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the grand jury subpoenas relate to an ongoing criminal investigation into violations of 18 U.S.C.

§ 1708 (attempted theft of mail), that investigation is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the grand jury subpoenas will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the grand jury subpoena, the subject under investigation could destroy that evidence, including information saved to personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Meta not to disclose the existence or content of the grand jury subpoenas for one year, until August 2, 2024, except that Meta may disclose the grand jury subpoenas to an attorney for Meta for the purpose of receiving legal advice.

Executed on August 2, 2023.    Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

DANIEL E. CUMMINGS
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv206702
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: (203) 821-3700
Fax: (203) 773- 5376
Daniel.Cummings@usdoj.gov